## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **TONY TOLBERT, et al,** ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | **CASE NO. 1:21-CV-04703-LMM** |
| ) | |
| **THE SALVATION ARMY, a Georgia** ) | |
| **Corporation** ) | **JURY TRIAL DEMANDED** |
| ) | |
| *Defendant.* ) | |

## ANSWER OF DEFENDANT THE SALVATION ARMY

COMES NOW DEFENDANT THE SALVATION ARMY, a Georgia corporation ("TSA" or "Defendant"), by and through its undersigned counsel, and submits this **ANSWER** to the claims and allegations in Plaintiffs' Complaint (ECF No. 1; hereinafter, the "Complaint"), according to the numbering in that Complaint. Any allegation not specifically admitted is denied.

Introductory paragraph: Defendant admits that Plaintiffs purport to bring this complaint against it but denies the remaining allegations therein.

## **Introduction**

1.     Defendant admits that it, together with its U.S. affiliates, operate approximately 84 Adult Rehabilitation Centers ("ARCs") in the United States, but none in South Carolina.  Defendant further admits that it operates ARCs in the Southern and Southeastern United States.   Defendant denies the remaining allegations of Paragraph 1.

2.     TSA denies the allegations of Paragraph 2.

3.     TSA admits that in furtherance of its religious and charitable mission, it operates a spiritually-based short-term rehabilitation program at the ARCs for the program participants, referred to as "beneficiaries"; that the primary function of the ARCs is the spiritual regeneration and rehabilitation of men and women who have undergone a process of disaffiliation from those significant ties which enable individuals to take advantage of the opportunities and cope with the tribulations of everyday life; that the ARCs give the beneficiaries the opportunity to gain insights into their problems, while acquiring self-respect, and to develop moral and spiritual principles of conduct and work habits that will enable them to gain purpose and meaning in their lives; that the ARCs offer spiritual counseling and work therapy, with all beneficiaries attending mandatory, bi-weekly Christian religious worship services and a weekly Christian development class; and that it is the objective of the ARCs to make Jesus Christ an integral part of the lives of the beneficiaries, to instill

in them a Christian philosophy of life, to teach them habits of industry and thereby make them moral, self-respecting and productive members of society, generally at no cost to those who are served by the program. TSA denies the remaining allegations of Paragraph 3.

4.	TSA denies the allegations of Paragraph 4.

5.	TSA admits that it accepts donations from the public of clothing and goods and that it resells some of them in thrift stores. TSA denies the remaining allegations of Paragraph 5.

6.	TSA admits that ARC beneficiaries are not incarcerated while they are participants in the ARC program. The remaining allegations of Paragraph 6 contain legal conclusions to which no response is required. To the extent a response to the allegations is required, TSA denies them.

7.	TSA denies the allegations of Paragraph 7.

8.	TSA denies the allegations of Paragraph 8.

9.	TSA admits that its work therapy program includes activities such as loading and unloading donations, sorting and hanging clothing, and hauling furniture and home appliances. The remaining allegations of Paragraph 9 contain legal conclusions to which no response is required. To the extent a response to these allegations is required, TSA denies them.

10.     Defendant admits that it generates revenue from its thrift stores.  The allegations of Paragraph 10 otherwise contain legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant denies them.

11.     The allegations of Paragraph 11 consist of legal conclusions to which no response is required.  To the extent a response to the allegations is required, TSA denies them.

## JURISDICTION AND VENUE

12.     TSA admits that Plaintiffs have asserted various claims under the Fair Labor Standards Act ("FLSA").  TSA further states that the allegations of Paragraph 12 contain legal conclusions to which no response is required.  To the extent a response to the allegations is required, TSA denies them.

13.     TSA admits that it is headquartered in this District.  The remaining allegations of Paragraph 13 contain legal conclusions to which no response is required.  To the extent a response to the allegations is required, TSA denies them. Further, TSA denies that a substantial part of the alleged events or omissions in this case occurred in this District.

## PARTIES

14.     TSA admits the allegations of Paragraph 14.

15.    TSA states that the allegations of Paragraph 15 contain legal conclusions to which no response is required.  To the extent a response to the allegations is required, TSA denies them.

16.    TSA admits the allegations of Paragraph 16.

17.    The terms "Employees" and "work" as used in Paragraph 17 set forth legal conclusions to which no response is required.  To the extent a response is required, TSA denies the allegations of Paragraph 17.

18.    TSA is without knowledge or information sufficient to admit or deny the state of residency of Plaintiff Tolbert, and for this reason denies the allegations of the first sentence of Paragraph 18.  TSA denies that Plaintiff Tolbert was in an ARC program in South Carolina.  The term "worked" as used in the second sentence of Paragraph 18 sets forth a legal conclusion to which no response is required.  TSA admits Plaintiff Tolbert engaged in various work therapy activities, and that these activities included loading and unloading trucks of donations and sorting donations at a thrift store in Taylors, South Carolina and, for a short period, helping in the kitchen in Greensville, South Carolina.  TSA denies the remaining allegations of the second sentence of Paragraph 18.  TSA denies the allegations of the third sentence of Paragraph 18.

19.    TSA is without knowledge or information sufficient to admit or deny the state of residency of Plaintiff Graves, and for this reason denies the allegations

of the first sentence of Paragraph 19.  TSA denies that Plaintiff Graves was in an

ARC program in South Carolina.  The term "worked" as used in the second sentence

of Paragraph 19 sets forth a legal conclusion to which no response is required.  TSA

admits Plaintiff Graves engaged in various work therapy activities, and that these

activities included loading and unloading trucks of donations and sorting donations

at a thrift store in Greenville, South Carolina.  TSA denies the remaining allegations

of the second sentence of Paragraph 19.  TSA denies the allegations of the third

sentence of Paragraph 19.

20.     TSA is without knowledge or information sufficient to admit or deny

the state of residency of Plaintiff Hansen, and for this reason denies the allegations

of the first sentence of Paragraph 20.  TSA denies that Plaintiff Hansen was in an

ARC program in South Carolina.  The term "worked" as used in the second sentence

of Paragraph 20 sets forth a legal conclusion to which no response is required.  TSA

admits Plaintiff Hansen engaged in various work therapy activities, and that these

activities included loading and unloading trucks of donations and sorting donations

at a thrift store warehouse in Greenville, South Carolina.  TSA denies the remaining

allegations of the second sentence of Paragraph 20.  TSA denies the allegations of

the third sentence of Paragraph 20.

21.     TSA denies the allegations of Paragraph 21.

22.     TSA is without knowledge or information sufficient to admit or deny the state of residency of Plaintiff Brown, and for this reason denies the allegations of the first sentence of Paragraph 22. The term "worked" as used in the second sentence of Paragraph 22 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the allegation of the second sentence of Paragraph 22. TSA denies the allegations of the third sentence of Paragraph 22.

23.     TSA is without knowledge or information sufficient to admit or deny the state of residency of Plaintiff Lopez, and for this reason denies the allegations of the first sentence of Paragraph 23. The term "worked" as used in the second sentence of Paragraph 23 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the allegation of the second sentence of Paragraph 23. TSA denies the allegations of the third sentence of Paragraph 23.

24.     TSA states that the allegations of Paragraph 24 contain legal conclusions to which no response is required. To the extent a response to the allegations is required, TSA denies them.

## FACTUAL ALLEGATIONS

25.     TSA re-alleges and incorporates by reference the above responses as if fully set forth herein.

## The Salvation Army's Organizational Structure

26.     TSA admits that as a matter of The Salvation Army's worldwide ecclesiastical structure, The Salvation Army has divided its operations in the United States into four geographic "Territories," namely the "Central Territory", the "Eastern Territory", the "Southern Territory" and the "Western Territory," that the Southern Territory comprises the states of Alabama, Arkansas, Florida, Georgia, Kentucky, Louisiana, Maryland, Mississippi, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, Virginia, Washington, D.C. and West Virginia, and that each Territory has an ecclesiastical leader with the title of "Territorial Commander". TSA denies the remaining allegations of Paragraph 26.

27.     TSA admits that it operates in The Salvation Army's Southern Territory, as described in its response to the prior paragraph.

## TSA's Common Employment Practices at Adult Rehabilitation Centers

28.     TSA admits that it operates ARCs in the Southern Territory, including in Atlanta, Georgia, and Fort Worth, Texas.  TSA denies that it operates an ARC in Greenville, South Carolina and denies the remaining allegations of Paragraph 28.

29.     TSA admits the allegations of Paragraph 29.

30.     TSA admits that it operates thrift stores in conjunction with ARCs.

31.     TSA denies the allegations of Paragraph 31.

32.     TSA denies the allegations of Paragraph 32.

33.     TSA denies the allegations of Paragraph 33.

34.     TSA denies the allegations of Paragraph 34.

35.     TSA denies the allegations of Paragraph 35.

36.     TSA denies the allegations of Paragraph 36.

37.     TSA denies the allegations of Paragraph 37.

38.     TSA denies the allegations of Paragraph 38.

39.     TSA denies the allegations of Paragraph 39.

40.     TSA denies that ARC beneficiaries are "Rehabilitation Program Employees" and thus denies the allegations of Paragraph 40.

41.     TSA denies the allegations of Paragraph 41.

42.     TSA denies the allegations of Paragraph 42.

43.     TSA denies the allegations of Paragraph 43.

44.     TSA denies the allegations of Paragraph 44.

45.     TSA admits that in furtherance of the religious and charitable rehabilitation program that it offers to those in need of such services at its ARCs, TSA provides ARC beneficiaries with clothing, board, shelter, and a small gratuity, between $5 and $25 per week, with the sole purpose of the gratuity (and increases thereto) being to reward the success of the beneficiary in achieving his or her

spiritual and social rehabilitation.  TSA denies the remaining allegations of Paragraph 45.

46.     TSA admits the allegations of Paragraph 46.

47.     TSA denies the allegations of Paragraph 47.

48.     TSA admits that it has employees working in the ARC program who are not program beneficiaries.  TSA denies the remaining allegations of Paragraph 48.

49.     TSA admits that it pays its employees in compliance with applicable laws.  TSA denies the remaining allegations of Paragraph 49.

50.     TSA denies the allegations of Paragraph 50.

**Plaintiffs' Work in Defendant's Rehabilitation Program**

*Tony Tolbert*

51.     TSA denies that Plaintiff Tolbert was in an ARC program in Greenville, South Carolina.  Further, TSA admits that Plaintiff Tolbert participated in the Greenville Corps Salvage Program ("GCSP") for several months in 2020 and 2021. TSA denies the remaining allegations of Paragraph 51.

52.     TSA denies the allegations of Paragraph 52.

53.     TSA denies that Plaintiff Tolbert was in an ARC program.  TSA admits that Plaintiff Graves was expected to live at the GCSP's residential facility.  TSA denies the remaining allegations of Paragraph 53.

54.     TSA denies the allegations of Paragraph 54.

55.     TSA admits that Plaintiff Tolbert received a weekly gratuity ranging from $5 to $20.

56.     TSA admits the allegations of Paragraph 56.

57.     TSA denies the allegations of Paragraph 57.

58.     The term "paystub" as used in Paragraph 58 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the allegations of Paragraph 58.

59.     TSA denies the allegations of Paragraph 59.

<u>SA Southern Territory Requires Tolbert to Perform Crucial Labor in a Salvation Army Thrift Store Alongside Fully-Paid Employees</u>

60.     TSA admits that for his work therapy, Plaintiff Tolbert was assigned to a thrift store located in Taylors, South Carolina.  The term "worked" as used in Paragraph 60 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the remaining allegations of Paragraph 60.

61.     TSA admits the allegations of Paragraph 61.

62.     TSA admits that when Plaintiff Tolbert's work therapy was set for the thrift store in Taylors, South Carolina, he was driven between Greenville and Taylors at the start and end of his day.  TSA is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 62, and for this reason denies them.

63.     TSA denies the allegations of Paragraph 63.

64.     TSA denies the allegations of Paragraph 64.

65.     TSA admits that one or more TSA employees determined the assignments of Plaintiff Tolbert's work therapy.  TSA denies the remaining allegations of Paragraph 65.

66.     TSA denies the allegations of Paragraph 66.

67.     TSA admits Plaintiff Tolbert, as a participant in the GCSP, engaged in various work therapy activities, including loading and unloading trucks of donations, sorting donations, stocking shelves and hanging clothing.  TSA denies the remaining allegations of Paragraph 67.

68.     TSA denies the allegations of Paragraph 68.

69.     TSA admits that Plaintiff Tolbert's work therapy assignments sometimes had him interacting with TSA employees.  TSA denies the remaining allegations of Paragraph 69.

70.     TSA denies the allegations of Paragraph 70.

71.     The term "work" as used in Paragraph 71 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the allegations of Paragraph 71.

72.     TSA admits that one or more TSA employees oversaw Plaintiff Tolbert's work therapy.  The term "supervised" as used in Paragraph 72 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the remaining allegations of Paragraph 72.

73.     TSA admits that one or more TSA employees determined the assignments of Plaintiff Tolbert's work therapy.  The term "dictated" as used in Paragraph 73 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the remaining allegations of Paragraph 73.

74.     TSA admits that one or more TSA employees determined the assignments of Plaintiff Tolbert's work therapy.  The term "had the power" as used in Paragraph 74 sets forth is argumentative and sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the remaining allegations of Paragraph 74.

75.     Paragraph 75 is argumentative and sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the allegations of Paragraph 75.

76.     TSA admits that one or more TSA employees determined the assignments of Plaintiff Tolbert's work therapy.   TSA denies the remaining allegations of Paragraph 76.

77.     TSA denies the allegations of Paragraph 77.

78.     TSA denies the allegations of Paragraph 78.

79.     TSA denies the allegations of Paragraph 79.

80.     TSA denies the allegations of Paragraph 80.

81.     TSA denies the allegations of Paragraph 81.

82.     TSA denies the allegations of Paragraph 82.

83.     TSA denies the allegations of Paragraph 83.

84.     TSA denies the allegations of Paragraph 84.

85.     TSA denies the allegations of Paragraph 85.

86.     TSA denies the allegations of Paragraph 86.

87.     TSA denies the allegations of Paragraph 87.

88.     TSA denies the allegations of Paragraph 88.

SA Southern Territory Re-Assigns Tolbert to Cook Meals for the Entire Adult
Rehabilitation Program

89.     TSA denies that Plaintiff Tolbert was in an ARC program.  The term "worked" as used in Paragraph 89 sets forth a legal conclusion to which no response

is required. To the extent a response is required, TSA denies the remaining allegations of Paragraph 89.

90. TSA denies that Plaintiff Tolbert was in an ARC program and that he worked in an ARC kitchen. TSA admits there is a kitchen at the GCSP where Plaintiff Tolbert was a program participant and that this kitchen was operated by TSA. TSA denies the remaining allegations of Paragraph 90.

91. TSA admits that one or more TSA employees determined the assignments of Plaintiff Tolbert's work therapy and that, in one of his final weeks, his assignment was to the kitchen at the GCSP. TSA denies that Plaintiff Tolbert was in an ARC program. The term "work" as used in Paragraph 91 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the remaining allegations of Paragraph 91.

92. Paragraph 92 is argumentative and sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the allegations of Paragraph 92.

93. TSA denies the allegations of Paragraph 93.

94. The term "work" as used in Paragraph 94 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA admits that some of the kitchen staff were employees of TSA. TSA denies the remaining allegations of Paragraph 94.

95.     TSA denies the allegations of Paragraph 95.

96.     The term "work" as used in Paragraph 96 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the allegations of Paragraph 96.

97.     Paragraph 97 incorporates the allegation in Paragraph 96, where the term "work" sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the allegations of Paragraph 97.

98.     Paragraph 98 incorporates the allegation in Paragraph 96, where the term "work" sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the allegations of Paragraph 98.

99.     TSA admits that one or more TSA employees oversaw Plaintiff Tolbert's work therapy.  The term "supervised" as used in Paragraph 99 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the remaining allegations of Paragraph 99.

100.    TSA admits that one or more TSA employees determined the assignments of Plaintiff Tolbert's work therapy.  The term "dictated" as used in Paragraph 100 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the remaining allegations of Paragraph 100.

101. TSA admits that one or more TSA employees determined the assignments of Plaintiff Tolbert's work therapy. The term "dictated" as used in Paragraph 101 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the remaining allegations of Paragraph 101.

102. TSA denies the allegations of Paragraph 102.

### Michael Graves

103. TSA denies that Plaintiff Graves was in an ARC program in Greenville, South Carolina. Further, TSA admits that Plaintiff Graves participated in the GCSP in 2021. TSA denies the remaining allegations of Paragraph 103.

104. TSA admits that for his first weeks in the GCSP Plaintiff Graves was expected to remain in the residential GCSP facility. TSA denies the remaining allegations of Paragraph 104.

105. TSA admits that for his first weeks in the GCSP Plaintiff Graves was not allowed to use his personal telephone. TSA denies the remaining allegations of Paragraph 105.

106. TSA denies that Plaintiff Graves was in an ARC program. TSA denies the remaining allegations of Paragraph 106.

107.   TSA denies that Plaintiff Graves was in an ARC program.  TSA admits that Plaintiff Graves was expected to live at the GCSP's residential facility.  TSA denies the remaining allegations of Paragraph 107.

108.   TSA denies the allegations of Paragraph 108.

109.   TSA admits Plaintiff Graves received a weekly gratuity.  TSA denies the remaining allegations of Paragraph 109.

110.   TSA denies the allegations of Paragraph 110.

## SA Southern Territory Requires Graves to Unload Donations to Sell as Merchandise in a Salvation Army Thrift Store

111.   TSA admits that for his work therapy, Plaintiff Graves was assigned to a warehouse associated with a thrift store in Greenville, South Carolina.  The term "worked" as used in Paragraph 111 sets forth a legal conclusion to which no response is required.   To the extent a response is required, TSA denies the remaining allegations of Paragraph 111.

112.   TSA admits that it operated the warehouse and the thrift store referenced in Paragraph 112.

113.   TSA admits Plaintiff Graves, as a participant in the GCSP, engaged in various work therapy activities, including loading and unloading trucks of donations and sorting donations.  The term "worked" as used in Paragraph 113 sets forth a

legal conclusion to which no response is required. To the extent a response is required, TSA denies the remaining allegations of Paragraph 113.

114. TSA admits that TSA trucks are driven by TSA employees. TSA is without knowledge or information sufficient to admit or deny the allegations of Paragraph 114, and for this reason denies them.

115. TSA denies the allegations of Paragraph 115.

116. The term "work" as used in Paragraph 116 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the allegations of Paragraph 116.

117. TSA admits that one or more TSA employees oversaw Plaintiff Graves's work therapy. The term "supervised" as used in Paragraph 117 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the remaining allegations of Paragraph 117.

118. TSA admits that one or more TSA employees determined the assignments of Plaintiff Graves's work therapy. The term "dictated" as used in Paragraph 118 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the remaining allegations of Paragraph 118.

119. TSA denies the allegations of Paragraph 119.

120. TSA denies the allegations of Paragraph 120.

121.     TSA denies the allegations of Paragraph 121.

122.     TSA denies the allegations of Paragraph 122.

123.     TSA denies the allegations of Paragraph 123.

<u>SA Southern Territory Employees Retaliate When Graves Questions Pay Practices</u>

124.     TSA is without knowledge or information sufficient to admit or deny the allegations of Paragraph 124, and for this reason denies them.

125.     TSA is without knowledge or information sufficient to admit or deny the allegations of Paragraph 125, and for this reason denies them.

126.     TSA denies the allegations of Paragraph 126.

127.     TSA denies the allegations of Paragraph 127.

128.     TSA denies the allegations of Paragraph 128.

129.     TSA denies the allegations of Paragraph 129.

130.     TSA denies the allegations of Paragraph 130.

*Lynn Hansen*

131.     TSA denies that Plaintiff Hansen was in an ARC program in Greenville, South Carolina.  Further, TSA admits that Plaintiff Hansen participated in the GCSP for several months in 2020 and 2021.  TSA denies the remaining allegations of Paragraph 131.

132.   TSA denies that Plaintiff Hansen was in an ARC program.  TSA admits that Plaintiff Hansen participated in the GCSP as part of a court program.  TSA denies the remaining allegations of Paragraph 132.

133.   TSA denies Plaintiff Hansen was an employee of Defendant.  TSA admits that Plaintiff Hansen was not incarcerated when associated with TSA.

134.   TSA denies that Plaintiff Hansen was in an ARC program.  TSA is without knowledge or information sufficient to admit or deny the allegations of Paragraph 134, and for this reason denies them.

135.   TSA denies that Plaintiff Hansen was in an ARC program.  TSA admits that Plaintiff Hansen was expected to live at the GCSP's residential facility.  TSA denies the remaining allegations of Paragraph 135.

136.   TSA denies the allegations of Paragraph 136.

137.   TSA admits Plaintiff Hansen received a weekly gratuity.  TSA denies the remaining allegations of Paragraph 137.

138.   TSA denies the allegations of Paragraph 138.

139.   TSA denies that Plaintiff Hansen was in an ARC program.  TSA admits that Plaintiff Hansen, as a participant in the GCSP, engaged in various work therapy activities, including loading and unloading trucks of donations, sorting donations, and being a houseman.  The term "worked" as used in Paragraph 139 sets forth a

legal conclusion to which no response is required. To the extent a response is required, TSA denies the remaining allegations of Paragraph 139.

<u>SA Southern Territory Required Hansen to Unloaded Donations to Sell as Merchandise in a Salvation Army Thrift Store</u>

140. TSA admits that for his work therapy, Plaintiff Hansen was assigned to a warehouse associated with a thrift store in Greenville, South Carolina. The term "worked" as used in Paragraph 140 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the allegations of Paragraph 140.

141. TSA admits that it operated the warehouse and the thrift store referenced in Paragraph 141.

142. TSA admits Plaintiff Hansen, as a participant in the GCSP, engaged in various work therapy activities, including loading and unloading trucks of donations and sorting donations. TSA denies the remaining allegations of Paragraph 142.

143. TSA admits that TSA trucks are driven by TSA employees. TSA is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 143, and for this reason denies them.

144. TSA denies the allegations of Paragraph 144.

145. TSA admits that one or more TSA employees determined the assignments of Plaintiff Hansen's work therapy. The term "instructed" as used in

Paragraph 145 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the remaining allegations of Paragraph 145.

146. TSA denies the allegations of Paragraph 146.

147. The term "work" as used in Paragraph 147 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the allegations of Paragraph 147.

148. TSA admits that one or more TSA employees oversaw Plaintiff Hansen's work therapy. The term "supervised" as used in Paragraph 148 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the remaining allegations of Paragraph 148.

149. TSA admits that one or more TSA employees determined the assignments of Plaintiff Hansen's work therapy. The term "dictated" as used in Paragraph 149 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the remaining allegations of Paragraph 149.

150. TSA admits that one or more TSA employees determined the assignments of Plaintiff Hansen's work therapy. The term "dictated" as used in Paragraph 150 sets forth a legal conclusion to which no response is required. To the

extent a response is required, TSA denies the remaining allegations of Paragraph 150.

151.   TSA denies the allegations of Paragraph 151.

152.   TSA denies the allegations of Paragraph 152.

## SA Southern Territory Requires Hansen to Clean and Maintain SA Southern Territory Facilities

153.   TSA denies that Plaintiff Hansen was in an ARC program.  TSA admits that for his work therapy, Plaintiff Hansen was at times assigned to kitchen and "houseman" duties.  The term "worked" as used in Paragraph 153 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the remaining allegations of Paragraph 153.

154.   TSA denies the allegations of Paragraph 154.

155.   TSA denies the allegations of Paragraph 155.

156.   The term "work" as used in Paragraph 156 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the allegations of Paragraph 156.

157.   TSA admits that one or more TSA employees oversaw Plaintiff Hansen's work therapy.  The term "supervised" as used in Paragraph 157 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the remaining allegations of Paragraph 157.

158. TSA admits that one or more TSA employees determined the assignments of Plaintiff Hansen's work therapy. The term "dictated" as used in Paragraph 158 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the remaining allegations of Paragraph 158.

159. TSA denies the allegations of Paragraph 159.

160. TSA denies the allegations of Paragraph 160.

***Rocky Holt***

161. TSA denies the allegations of Paragraph 161. TSA has no record of Holt being in the GCSP during the period alleged in the Complaint.

162. TSA denies the allegations of Paragraph 162.

163. TSA denies the allegations of Paragraph 163.

164. TSA denies the allegations of Paragraph 164.

165. TSA denies the allegations of Paragraph 165.

166. TSA denies the allegations of Paragraph 166.

167. TSA denies the allegations of Paragraph 167.

168. TSA denies the allegations of Paragraph 168.

<u>SA Southern Territory Requires Holt to Fix Donated Electronics for SA Southern
Territory to Sell as Merchandise</u>

169. The term "worked" as used in Paragraph 169 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the allegations of Paragraph 169.

170. TSA denies the allegation of Paragraph 170.

171. TSA denies the allegations of Paragraph 171.

172. TSA denies the allegations of Paragraph 172.

173. TSA denies the allegations of Paragraph 173.

174. TSA denies the allegations of Paragraph 174.

175. TSA denies the allegations of Paragraph 175.

176. TSA denies the allegations of Paragraph 176.

177. TSA denies the allegations of Paragraph 177.

178. TSA denies the allegations of Paragraph 178.

179. TSA denies the allegations of Paragraph 179.

180. TSA denies the allegations of Paragraph 180.

<u>SA Southern Territory Requires Holt to Organize and Maintain Merchandise in a
Salvation Army Thrift Store</u>

181. TSA denies the allegations of Paragraph 181.

182. TSA denies the allegations of Paragraph 182.

183.  TSA denies the allegations of Paragraph 183.

184.  TSA denies the allegations of Paragraph 184.

185.  TSA denies the allegations of Paragraph 185.

186.  TSA denies the allegations of Paragraph 186.

187.  TSA denies the allegations of Paragraph 187.

188.  TSA denies the allegations of Paragraph 188.

189.  TSA denies the allegations of Paragraph 189.

190.  TSA denies the allegations of Paragraph 190.

191.  TSA denies the allegations of Paragraph 191.

### Jonathan Brown

192.  TSA admits that Plaintiff Brown was a beneficiary at the Fort Worth, Texas ARC between June and November 2019.  TSA denies the remaining allegations of Paragraph 192.

193.  TSA admits Plaintiff Brown came to the Fort Worth ARC as part of a court action.  TSA is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 193, and for this reason denies them.

194.  TSA denies that Plaintiff Brown was an employee of TSA.  TSA admits that Plaintiff Brown was not incarcerated when he participated in the ARC program as a beneficiary.

195.    TSA denies the allegations of Paragraph 195.

196.    TSA admits that, as is standard for ARC beneficiaries, Plaintiff Brown was prohibited from leaving the ARC property for the first 30 days of the rehabilitation, unless he had a pressing appointment that could not be moved.  TSA denies the remaining allegations of Paragraph 196.

197.    TSA admits that, as is standard for ARC beneficiaries, Plaintiff Brown was prohibited from making telephone calls for the first 30 days of the rehabilitation, unless he had a pressing need that could not be moved.  TSA denies the remaining allegations of Paragraph 197.

198.    TSA denies the allegations of Paragraph 198.

199.    TSA denies the allegations of Paragraph 199.

200.    TSA denies the allegations of Paragraph 200.

201.    TSA is without knowledge or information sufficient to admit or deny the allegations of Paragraph 201, and for this reason denies them.

202.    The term "work" as used in Paragraph 202 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA admits that work therapy is an integral component of its ARC rehabilitation program.  TSA denies the remaining allegations of Paragraph 202.

203.    TSA admits that, as an ARC beneficiary, Plaintiff Brown was required to live at the ARC.  TSA denies the remaining allegations of Paragraph 203.

204. TSA denies the allegations of Paragraph 204.

205. TSA admits that Plaintiff Brown's weekly gratuity rose by one dollar each week. TSA denies the remaining allegations of Paragraph 205.

206. TSA admits the allegations of Paragraph 206, noting that the correct title of the employee was "Resident Manager".

207. TSA admits the allegations of Paragraph 207.

208. TSA denies the allegations of Paragraph 208.

209. TSA admits that it operated the ARC, the warehouse and the thrift store referenced in Paragraph 209.

210. TSA admits the allegations of Paragraph 210.

211. TSA admits the allegations of Paragraph 211.

212. TSA denies Plaintiff Brown was an employee of TSA. TSA admits that its employees maintained records with respect to the participation of beneficiaries in the ARC program. TSA denies the remaining allegations of Paragraph 212.

213. TSA admits that its employees maintained records with respect to the participation of beneficiaries in the ARC program. TSA denies the remaining allegations of Paragraph 213.

214. The term "paystub" as used in Paragraph 214 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the allegations of Paragraph 214.

215. TSA denies the allegations of Paragraph 215.

<u>SA Southern Territory Requires Brown to Unload Donations to Sell as
Merchandise in a Salvation Army Thrift Store</u>

216. The term "worked" as used in Paragraph 216 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the allegations of Paragraph 216.

217. TSA admits the allegations of Paragraph 217.

218. TSA admits that it operated the ARC, the warehouse, and the thrift store referenced in Paragraph 218.

219. TSA admits Plaintiff Brown, as an ARC beneficiary, engaged in various work therapy activities, including loading and unloading trucks of donations and sorting donations. TSA denies the remaining allegations of Paragraph 219.

220. TSA admits that TSA trucks are driven by TSA employees. TSA is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 220, and for this reason denies them.

221. TSA admits Plaintiff Brown, as an ARC beneficiary, engaged in various work therapy activities, including loading and unloading trucks of donations and sorting donations. TSA denies the remaining allegations of Paragraph 221.

222. TSA admits Plaintiff Brown, as an ARC beneficiary, engaged in various work therapy activities, including loading and unloading trucks of donations and sorting donations. TSA denies the remaining allegations of Paragraph 222.

223. TSA admits Plaintiff Brown, as an ARC beneficiary, engaged in various work therapy activities, including loading and unloading trucks of donations and sorting donations. TSA denies the remaining allegations of Paragraph 223.

224. TSA denies the allegations of Paragraph 224.

225. The term "work" as used in Paragraph 225 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the allegations of Paragraph 225.

226. Defendant admits that one or more of its employees oversaw Plaintiff Brown's work therapy. The term "supervised" as used in Paragraph 226 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the allegations of Paragraph 226.

227. TSA admits that one or more TSA employees determined the assignments of Plaintiff Brown's work therapy. The term "dictated" as used in Paragraph 227 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the remaining allegations of Paragraph 227.

228.  TSA admits that one or more TSA employees determined the assignments of Plaintiff Brown's work therapy.  The term "dictated" as used in Paragraph 228 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the remaining allegations of Paragraph 228.

### SA Southern Territory Sets a Quota for Hanging Donated Clothing on Racks to Sell as Merchandise in Salvation Army Thrift Stores

229.  TSA admits Plaintiff Brown, as an ARC beneficiary, engaged in various work therapy activities, including loading and unloading trucks of donations and sorting donations.  TSA denies the remaining allegations of Paragraph 229.

230.  TSA admits that TSA trucks are driven by TSA employees.  TSA is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 230, and for this reason denies them.

231.  TSA admits Plaintiff Brown, as an ARC beneficiary, engaged in various work therapy activities, including loading and unloading trucks of donations and sorting donations.  TSA denies the remaining allegations of Paragraph 231.

232.  TSA denies the allegations of Paragraph 232.

233.  The term "work" as used in Paragraph 233 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the allegations of Paragraph 233.

234.  Defendant admits that one or more of its employees oversaw Plaintiff Brown's work therapy.  The term "supervised" as used in Paragraph 234 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the allegations of Paragraph 234.

235.  Defendant admits that one or more TSA employees determined the assignments of Plaintiff Brown's work therapy.  The term "dictated" as used in Paragraph 235 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the allegations of Paragraph 235.

236.  TSA denies the allegations of Paragraph 236.

237.  Defendant admits that one or more of its employees determined the assignments of Plaintiff Brown's work therapy.  The term "dictated" as used in Paragraph 237 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the remaining allegations of Paragraph 237.

238.  TSA denies the allegations of Paragraph 238.

239.  TSA denies the allegations of Paragraph 239.

240.  TSA denies the allegations of Paragraph 240.

241.  TSA denies the allegations of Paragraph 241.

242.  TSA denies the allegations of Paragraph 242.

243.  TSA denies the allegations of Paragraph 243.

244. TSA denies the allegations of Paragraph 244.

**Jeffrey Lopez**

245. TSA admits that Plaintiff Lopez was a beneficiary at the Fort Worth, Texas ARC in 2019. TSA is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 245, and for this reason denies them.

246. TSA denies the allegations of Paragraph 246.

247. TSA admits that, as is standard for ARC beneficiaries, Plaintiff Lopez was prohibited from leaving the ARC property for the first 30 days of the rehabilitation program, unless he had a pressing appointment that could not be moved. TSA denies the remaining allegations of Paragraph 247.

248. TSA admits that, as is standard for ARC beneficiaries , Plaintiff Lopez was prohibited from making phone calls for the first 30 days of the rehabilitation program, unless he had a pressing need that could not be moved. TSA denies the remaining allegations of Paragraph 248.

249. TSA denies the allegations of Paragraph 249.

250. TSA denies the allegations of Paragraph 250.

251. TSA denies the allegations of Paragraph 251.

252. TSA is without knowledge or information sufficient to admit or deny the allegations of Paragraph 252, and for this reason denies them.

253. TSA is without knowledge or information sufficient to admit or deny the allegations of the first sentence of Paragraph 253, and for this reason denies them. TSA denies the allegations of the second sentence of Paragraph 253.

254. TSA denies the allegations of Paragraph 254.

255. The term "work" as used in Paragraph 255 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA admits that work therapy is an integral component of its ARC residential benefit program. TSA denies the remaining allegations of Paragraph 255.

256. TSA admits that, as an ARC beneficiary, Plaintiff Lopez was required to live at the ARC. TSA denies the remaining allegations of Paragraph 256.

257. TSA denies the allegations of Paragraph 257.

258. TSA admits that Plaintiff Lopez's weekly gratuity rose by one dollar each week. TSA denies the remaining allegations of Paragraph 258.

259. TSA admits the allegations of Paragraph 259, noting that the correct title of the employee is "Resident Manager.".

260. TSA admits that the Resident Manager of the ARC in Ft. Worth is a TSA employee. TSA denies the remaining allegations of Paragraph 260.

261. TSA denies the allegations of Paragraph 261.

262. TSA admits that it operated the ARC, the warehouse, and the thrift store referenced in Paragraph 262.

263.  TSA admits the allegations of Paragraph 263.

264.  TSA admits the allegations of Paragraph 264.

265.  TSA denies Plaintiff Lopez was an employee of TSA.  TSA admits that its employees maintained records with respect to the participation of beneficiaries in the ARC program.  TSA denies the remaining allegations of Paragraph 265.

266.  TSA admits that its employees maintained records with respect to the participation of beneficiaries in the ARC program.  TSA denies the remaining allegations of Paragraph 266.

267.  The term "paystub" as used in Paragraph 267 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the allegations of Paragraph 267.

268.  TSA denies the allegations of Paragraph 268.

### SA Southern Territory Requires Lopez to Unload Donations to Sell as Merchandise in a Salvation Army Thrift Store

269.  The term "worked" as used in Paragraph 269 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the allegations of Paragraph 269.

270.  TSA admits the allegations of Paragraph 270.

271.  TSA admits that it operated the ARC, the warehouse, and the thrift store referenced in Paragraph 271.

272.   TSA admits Plaintiff Lopez, as an ARC beneficiary, engaged in various work therapy activities, including loading and unloading trucks of donations and sorting donations.  TSA denies the remaining allegations of Paragraph 272.

273.   TSA admits that TSA trucks are driven by TSA employees.  TSA is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 273, and for this reason denies them.

274.   TSA admits Plaintiff Lopez, as an ARC beneficiary, engaged in various work therapy activities, including loading and unloading trucks of donations and sorting donations.  TSA denies the remaining allegations of Paragraph 274.

275.   TSA admits Plaintiff Lopez, as an ARC beneficiary, engaged in various work therapy activities, including loading and unloading trucks of donations and sorting donations.  TSA denies the remaining allegations of Paragraph 275.

276.   TSA admits Plaintiff Lopez, as an ARC beneficiary, engaged in various work therapy activities, including loading and unloading trucks of donations and sorting donations.  TSA denies the remaining allegations of Paragraph 276.

277.   TSA denies the allegations of Paragraph 277.

278.   The term "work" as used in Paragraph 278 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the allegations of Paragraph 278.

279.	TSA admits that one or more TSA employees oversaw Plaintiff Lopez's work therapy.  The term "supervised" as used in Paragraph 279 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the remaining allegations of Paragraph 279.

280.	TSA is without knowledge or information sufficient to admit or deny the allegations of Paragraph 280, and for this reason denies them.

281.	TSA admits that one or more TSA employees determined the assignments of Plaintiff Lopez's work therapy.  The term "dictated" as used in Paragraph 281 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the remaining allegations of Paragraph 281.

282.	TSA admits that one or more TSA employees determined the assignments of Plaintiff Lopez's work therapy.  The term "dictated" as used in Paragraph 282 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the remaining allegations of Paragraph 282.

283.	The term "paystub" as used in Paragraph 283 sets forth a legal conclusion to which no response is required.  To the extent a response is required, TSA denies the allegations of Paragraph 283.

284.	TSA denies the allegations of Paragraph 284.

### SA Southern Territory Sets a Quota for Hanging Donated Clothing on Racks to Sell as Merchandise in Salvation Army Thrift Stores

285. The term "worked" as used in Paragraph 285 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the allegations of Paragraph 285.

286. TSA admits that TSA trucks are driven by TSA employees. TSA is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 286, and for this reason denies them.

287. TSA admits that one or more TSA employees oversaw Plaintiff Lopez's work therapy. TSA denies the remaining allegations of Paragraph 287.

288. TSA denies the allegations of Paragraph 288.

289. The term "work" as used in Paragraph 289 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the allegations of Paragraph 289.

290. TSA admits that one or more TSA employees oversaw Plaintiff Lopez's work therapy. The term "supervised" as used in Paragraph 290 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the remaining allegations of Paragraph 290.

291. TSA admits that one or more TSA employees determined the assignments of Plaintiff Lopez's work therapy. The term "dictated" as used in

Paragraph 291 sets forth a legal conclusion to which no response is required. To the extent a response is required, TSA denies the remaining allegations of Paragraph 291.

292.   TSA denies the allegations of Paragraph 292.

293.   TSA denies the allegations of Paragraph 293.

294.   TSA denies the allegations of Paragraph 294.

295.   TSA denies the allegations of Paragraph 295.

296.   TSA denies the allegations of Paragraph 296.

297.   TSA denies the allegations of Paragraph 297.

298.   TSA denies the allegations of Paragraph 298.

299.   TSA denies the allegations of Paragraph 299.

300.   TSA denies the allegations of Paragraph 300.

301.   TSA denies the allegations of Paragraph 301.

302.   TSA denies the allegations of Paragraph 302.

303.   TSA denies the allegations of Paragraph 303.

## COUNT ONE
### Overtime Violations
### Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*
### (On Behalf of All Plaintiffs)

304.   TSA re-alleges and incorporates by reference the above responses as if fully set forth herein.

305. The allegations of Paragraph 305 contain legal conclusions to which no response is required. To the extent a response to the allegations is required, TSA denies them.

306. The allegations of Paragraph 306 contain legal conclusions to which no response is required. To the extent a response to the allegations is required, TSA denies them.

307. TSA admits the allegations of Paragraph 307.

308. TSA admits the allegations of Paragraph 308.

309. TSA denies the allegations of Paragraph 309.

310. TSA denies the allegations of Paragraph 310.

311. TSA denies the allegations of Paragraph 311.

312. TSA denies the allegations of Paragraph 312.

313. TSA denies the allegations of Paragraph 313.

314. TSA denies the allegations of Paragraph 314.

315. TSA denies the allegations of Paragraph 315.

316. TSA denies the allegations of Paragraph 316.

## COUNT TWO
## Minimum Wage Violations
## Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*
## (On Behalf of All Plaintiffs)

317.    TSA re-alleges and incorporates by reference the above responses as if fully set forth herein.

318.    The allegations of Paragraph 318 contain legal conclusions to which no response is required.  To the extent a response to the allegations is required, TSA denies them.

319.    TSA admits the allegations of Paragraph 319.

320.    TSA admits the allegations of Paragraph 320.

321.    TSA denies the allegations of Paragraph 321.

322.    TSA denies the allegations of Paragraph 322.

323.    TSA denies the allegations of Paragraph 323.

324.    TSA denies the allegations of Paragraph 324.

325.    TSA denies the allegations of Paragraph 325.

## COUNT THREE
## Retaliation
## Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*
## (On Behalf of Plaintiff Graves)

326.    TSA re-alleges and incorporates by reference the above responses as if fully set forth herein.

327. The allegations of Paragraph 327 contain legal conclusions to which no response is required. To the extent a response to the allegations is required, TSA denies them.

328. TSA admits the allegations of Paragraph 328.

329. TSA admits the allegations of Paragraph 329.

330. TSA denies the allegations of Paragraph 330.

331. TSA denies the allegations of Paragraph 331.

332. The allegations of Paragraph 332 merely quote the law, such that no response is required.

333. Defendant denies the allegations of Paragraph 333.

334. TSA denies the allegations of Paragraph 334.

335. TSA denies the allegations of Paragraph 335.

336. TSA denies the allegations of Paragraph 336.

337. TSA denies the allegations of Paragraph 337.

## PRAYER FOR RELIEF

338. **WHEREFORE**, Plaintiffs' Prayers for Relief (Plaintiffs' Paragraphs A – I, and Plaintiff Graves's Paragraphs A – G) contain legal conclusions to which no response is required. To the extent a response is required, TSA denies the

statements contained in the Prayers for Relief and denies that Plaintiffs, including Plaintiff Graves, are entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

339.    Plaintiffs' Demand for Jury Trial requires no response.

## DEFENSES AND AFFIRMATIVE DEFENSES

340.    Each defense and affirmative defense is made without assuming the burden of proof where such burden is otherwise on Plaintiffs pursuant to applicable substantive or procedural law, and is stated in the alternative and exists separately from all other defenses and affirmative defenses.

341.    The Complaint fails, in whole or in part, because it fails to state a claim upon which relief can be granted.

342.    The Complaint fails, in whole or in part, because Defendant was not Plaintiffs' employer under the FLSA.

343.    The Complaint fails, in whole or in part, because the claims contained therein are barred by the equitable doctrines of waiver and avoidable consequences.

344.    The Complaint fails, in whole or in part, because, to the extent any of the Plaintiffs performed work, Defendant was not the primary beneficiary of the work or working relationship.

345.   The Complaint fails, in whole or in part, because each of the Plaintiffs, and Defendant, clearly understood there was no expectation of compensation resulting from the relationship between them, if any.

346.   The Complaint fails, in whole or in part, because none of the Plaintiffs was economically dependent on Defendant.

347.   The Complaint fails, in whole or in part, because, depending on the precise claims asserted, and subject to discovery, some or all of the hours for which Plaintiffs seek overtime compensation are not hours worked under the FLSA.

348.   The Complaint fails, in whole or in part, to the extent that Plaintiffs seek compensation for activities that, even if the FLSA applied, are preliminary or postliminary to principal work activities that are not integral and indispensable to principal work activities.

349.   The Complaint fails, in whole or in part, because Defendant did not willfully violate the FLSA with respect to any of the Plaintiffs, or any other individual.  No action taken by Defendant with respect to any of the Plaintiffs, or any other individual, constitutes willful, knowing or reckless disregard of any such person's rights under the FLSA.

350.   The Complaint fails, in whole or in part, because none of the Plaintiffs is entitled to any liquidated damages, as Defendant at all times acted in good faith

and had reasonable grounds for believing that any alleged acts or omissions did not violate the FLSA.

351. The Complaint fails, in whole or in part, because TSA's actions were based on legitimate factors and were not based on discriminatory, retaliatory, or other unlawful motives.

352. The Complaint fails, in whole or in part, because Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations and/or the equitable doctrine of laches.

353. The Complaint fails, in whole or in part, because Plaintiffs' alleged injuries and damages were not caused or proximately caused by any acts or omissions of Defendant.

354. The Complaint fails, in whole or in part, because Plaintiffs' purported remedies may be limited by the doctrine of after-acquired evidence, subject to a reasonable opportunity for investigation and discovery.

355. The Complaint fails, in whole or in part, because, to the extent TSA is found to bear any liability toward Plaintiffs, TSA will be entitled to a credit toward any payment obligation by prior compensation and/or other prior payment, and as provided by Section 3(m) of the Fair Labor Standards Act.

356. The Complaint fails, in whole or in part, because the claims contained therein are barred by the wage and hour laws' de minimis exception.

357.   The Complaint fails, in whole or in part, because Plaintiffs may not recover liquidated damages and/or prejudgment interest and/or punitive damages, and because additional remedies sought by Plaintiffs are not recoverable under the applicable laws.

358.   The Complaint fails, in whole or in part, because, to the extent Plaintiffs' prayer for relief seeks to treat the case as a collective action under the FLSA, the claims at issue are not properly treated as a collective or representative action.

359.   The claims of Plaintiffs are barred, in whole or in part, to the extent that a state court gave any such individual the option, and such individual chose, to participate as a beneficiary in TSA's ARC program in lieu of incarceration or to otherwise reduce his or her charges and/or sentence by such state court, because the Court lacks subject matter jurisdiction to review such state court orders pursuant to the *Rooker-Feldman* doctrine.

360.   To the extent sought, none of the Plaintiffs is entitled to a jury determination regarding attorneys' fees or liquidated damages in a case brought under the FLSA.

361.   Plaintiff Graves's retaliation claim is barred, in whole or in part, because the decisions about which Plaintiff Graves complains were justified by his own conduct.

362.    Plaintiffs' claims are barred, in whole or in part, under the Free Exercise Clause of the First Amendment.

363.    This action or any relief sought by Plaintiffs are barred, in whole or in part, because Defendant may have additional defenses that cannot now be articulated due to the generality of Plaintiffs' pleadings and the fact that discovery has not yet been occurred.   Accordingly, Defendant reserves the right to supplement the foregoing and raise additional defenses as may appear as the case progresses.

## CONCLUSION

**WHEREFORE**, TSA prays as follows:

1.      That Plaintiffs take nothing by the Complaint;

2.      That the Complaint be dismissed with prejudice, or alternatively that judgment be entered in favor of TSA;

3.      That TSA be awarded costs, attorneys' fees, and expenses to the maximum extent allowed by law; and

4.      That the Court grant TSA such other relief as may be deemed just and proper.

**[Signature contained on following page]**

Dated:  January 7, 2022

Respectfully submitted,

**LAW OFFICES OF
EVAN R. MERMELSTEIN, LLC**

*s/  Evan R. Mermelstein*

_____

Evan R. Mermelstein
Georgia Bar No. 502567
5665 Atlanta Highway, Suite 103-302
Alpharetta, GA  30004
Telephone:  (678) 697-9578
Facsimile:  (470) 239-7698
Evan@mermelsteinlaw.com


/s/ Thomas P. Gies
_____
Thomas P. Gies (*pro hac vice* application to follow)
Andrew Bagley (*pro hac vice* application to follow)
TGies@crowell.com
ABagley@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
Tel: (202) 624-2500
Fax: (202) 628-5116

*Counsel for Defendant The Salvation Army, a Georgia corporation*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **TONY TOLBERT, et al,** | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | **CASE NO. 1:21-CV-04703-LMM** |
| | ) | |
| **THE SALVATION ARMY, a Georgia Corporation** | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C

I HEREBY CERTIFY that on this day, I electronically filed **ANSWER OF DEFENDANT THE SALVATION ARMY** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

AUSTIN & SPARKS, P.C.
John T. Sparks, Sr.
Georgia Bar No. 669575
2974 Lookout Place, N.E., Suite 200
Atlanta, Georgia 30305

NICHOLS KASTER, PLLP
Charles J. O'Meara
MN Bar No. 0402777*
4700 IDS Center, 80 South 8th Street
Minneapolis, MN 55402

JUSTICE CATALYST LAW
Lucy B. Bansal
D.C. Bar No. MD06639*
Janet Herold
CA Bar No. 632479*
123 William Street, 16th Floor
New York, NY 10038

NICHOLS KASTER, LLP
Matthew C. Helland
CA Bar No. 250451*
235 Montgomery St., Suite 810
San Francisco, CA 94104

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certify the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1 (C).

This 7th day of January, 2022.

Respectfully submitted,

/s/ Evan R. Mermelstein
Evan R. Mermelstein
Law Offices of Evan R. Mermelstein, LLC
5665 Atlanta Highway, Suite 103-302
Alpharetta, GA 30004

/s/ Andrew Bagley
Thomas P. Gies
Andrew Bagley
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
(202) 624-2500
ABagley@crowell.com
TGies@crowell.com

DCACTIVE-64192226.13